WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DAVID P. MANIATAS, IRA and EUGENIA HOOF, IRA,<br><br>      Plaintiffs,<br><br>  vs.<br><br>IMH SPECIAL ASSET NT 161, LLC; IMH SPECIAL ASSET NT 168, LLC; and KEITH BIERMAN,<br><br>      Defendants. | No. 2:14-cv-0085-HRH |

O R D E R

Motion to Dismiss

Defendants move to dismiss plaintiffs' complaint.¹  This motion is opposed.²  Oral argument was not requested and is not deemed necessary.

---

¹Docket No. 10.

²Docket No. 13.

-1-

Background

Plaintiffs are the David P. Maniatis, IRA, and Eugenia Hoof, IRA. Defendants are IMH Special Asset NT 161, LLC and IMH Special Asset NT 168, LLC.[3]

Plaintiffs allege that they are "trusts created pursuant to 26 U.S.C. § 408."[4] Defendants are parties to a case currently pending in Maricopa County Superior Court.[5] More specifically, defendants are judgment creditors who obtained a judgment against David Maniatis in the state court case.[6] David Maniatis is a beneficiary of plaintiffs.[7] Plaintiffs allege that "[p]ursuant to Ariz. Rev. Stat. § 33-1126, the [p]laintiffs' assets are exempt from claims of the Judgment Creditor as long as the [p]laintiffs are tax exempt."[8]

On January 7, 2014, defendants, along with Bierman, who is the court-appointed receiver in the state court case, filed a motion (the IRA motion) in state court requesting a determination that plaintiffs are not exempt property.[9] In the IRA motion, defendants and Bierman argued that plaintiffs "are not exempt property under either Arizona, or federal

---

[3] Plaintiffs voluntarily dismissed defendant Keith Bierman. Docket No. 7.

[4] Complaint at 1, ¶ 1, Docket No. 1.

[5] Id. at ¶ 4.

[6] Id. at 2, ¶ 8.

[7] Id. at ¶ 9.

[8] Id. at ¶ 11.

[9] Exhibit A, Complaint, Docket No. 1.

law and therefore, [are] subject to the administration of the Bierman Receiver and collections from the Judgment Creditors."[10] Defendants and Bierman contended that "the Hoof IRA was inherited by Maniatis and, therefore, [is] not an exempt 'retirement plan' that is protected under state or federal law" and that Maniatis has "used the assets in both IRAs to execute a series of prohibited transactions – any one of which is sufficient to cause his IRAs to forever lose their tax-exempt status."[11] Plaintiffs allege that "[i]n open [c]ourt on January 14, 2014, the State Court judge stated that she w[ould] rule on the motion."[12]

On January 15, 2014, plaintiffs commenced the instant action for declaratory and injunctive relief. Plaintiffs seek a declaration that they are tax exempt entities and that, as tax exempt entities, they are exempt from the claims of defendants.[13] Plaintiffs also request "[t]hat the [c]ourt enjoin the [d]efendants from seeking to take or exercise control over the [p]laintiffs['] property for the benefit of a judgment creditor (the IMH entities) of [p]laintiffs' beneficiary[.]"[14]

---

[10]Id. at 2.

[11]Id.

[12]Complaint at 2, ¶ 14, Docket No. 1.

[13]Id. at 3.

[14]Complaint at 3, Docket No. 1.

On February 4, 2014, the state court granted the IRA motion.[15] The state court concluded that "at least one, or more, of the 'prohibited transactions' described in the [IRA} Motion occurred with respect to the Hoof IRA and the Maniatis IRA within the meaning of Internal Revenue Code § 4975(c)."[16] The state court further concluded that "[b]ecause one or more prohibited transaction occurred, neither the Hoof IRA, nor the Maniatis IRA ... qualifies as 'a retirement plan under section 401(a), 403(a), 403(b), 408, 408A or 409 or a deferred compensation plan under section 457 of the United States internal revenue code of 1986' within the meaning of A.R.S. § 33-1126(10)."[17]

Pursuant to Rule 12(b)(1), (2), (5), and (6), Federal Rules of Civil Procedure, defendants now move to dismiss plaintiffs' complaint.

Discussion

First, pursuant to Rule 12(b)(1), defendants move to dismiss plaintiffs' complaint for a lack of subject matter jurisdiction. "A Rule 12(b)(1) jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, "such as defendants bring here, "the challenger asserts that the allegations

---

[15]Order Granting Joint Motion to Determine that the IRAs are not Exempt Property, Exhibit D, [Defendants'] Motion to Dismiss, Docket No. 10. The court may take judicial notice of state court orders without converting a motion to dismiss into a motion for summary judgment. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

[16]Id. at 2.

[17]Id.

contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id. The court assumes the allegations in plaintiffs' complaint to be true and draws all reasonable inferences in plaintiffs' favor. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

Defendants argue that this court lacks subject matter jurisdiction over plaintiffs' complaint because plaintiffs have not asserted claims that "arise under" federal law. Defendants contend that the IRA motion that they filed in state court sought a determination that plaintiffs are not exempt from execution under an Arizona statute, A.R.S. § 33-1126(B). Defendants contend that this statute generally provides that if IRAs are tax exempt under the Internal Revenue Code, then creditors cannot execute against assets held by the IRAs. Defendants recognize that the determination of whether plaintiffs are exempt from execution under the Arizona statute implicates a federal statute. But, defendants argue "that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 813 (1986). "A state cause of action invokes federal question jurisdiction only if it 'necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" Nevada v. Bank of Amer. Corp., 672 F.3d 661, 674 (9th Cir. 2012) (quoting Grable & Sons Metal Prods. v. Darue Eng'g

& Mfg., 545 U.S. 308, 314 (2005)). "This type of federal question jurisdiction applies to [only] a 'special and small category' of cases[.]'" Id. (quoting Empire Healthchoice Assurance v. McVeigh, 547 U.S. 677, 699 (2006)). Defendants argue that this is not such a case because the gravamen of the IRA motion was whether plaintiffs' assets were exempt from execution under state law.

The only substantial and disputed issue here is whether plaintiffs lost their tax exempt status by engaging in a prohibited transaction as defined by a federal statute, 26 U.S.C. § 4975. If plaintiffs lost their tax exempt status, there is no dispute that, under state law, they are not exempt from execution. By the same token, if plaintiffs have not lost their tax exempt status, there is no dispute that, under state law, they are exempt from execution. But, the issue of whether plaintiffs have or have not lost their tax exempt status is a substantive question of federal law. Plaintiffs' claims involve more than the mere presence of a federal issue, and thus plaintiffs have asserted claims that "arise under" federal law.

Defendants next argue that plaintiffs' claim for injunctive relief should be dismissed because it is barred by the Anti-Injunction Act. "[T]he Anti–Injunction Act ... precludes a federal court from granting 'an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress....'" Henrichs v. Valley View Dev., 474 F.3d 609, 616 (9th Cir. 2007) (quoting 28 U.S.C. § 2283). "The Act's mandate extends not only to

injunctions affecting pending proceedings, but also to injunctions against the execution or enforcement of state judgments." Id. Plaintiffs concede that this court lacks subject matter jurisdiction over their claim for injunctive relief.[18]

Defendants next argue that plaintiffs' claim for declaratory relief must be dismissed because this court lacks subject matter jurisdiction under the Rooker-Feldman doctrine. "The Rooker–Feldman doctrine provides that federal district courts lack jurisdiction to exercise appellate review over final state court judgments." Id. at 613. "Essentially, the doctrine bars 'state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced' from asking district courts to review and reject those judgments." Id. (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). "The Rooker–Feldman doctrine applies not only to final state court orders and judgments, but to interlocutory orders and non-final judgments issued by a state court as well." Hall v. Calif. Dep't of Health and Human Srvcs., Case No. 2:13–cv–1152 JAM DAD PS, 2013 WL 5494068, at *2 (E.D. Cal. Oct. 1, 2013) (citing Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001); Worldwide Church of God v. McNair, 805 F.2d 888, 893 n.3 (9th Cir. 1986)). "If claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district

---

[18]Objection to Motion to Dismiss at 3, Docket No. 13.

court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction." Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003) (quoting D.C. Court of Appeals v. Feldman, 460 U.S. 462, 483 n.6 & 485 (1983)).

Defendants argue that plaintiffs are seeking to have this court overrule the state court order determining that the IRAs are not tax exempt property. Defendants contend that plaintiffs' complaint is nothing more than a collateral attack on the state court order and thus that plaintiffs' complaint is barred by the Rooker-Feldman doctrine.

Plaintiffs argue that the Rooker-Feldman doctrine has no application here because they are not parties to the state court case.[19] The "Rooker-Feldman [doctrine] does not bar actions by non-parties to the state court judgment, even if they were in privity with a party to the judgment." Grundstein v. Wash. State/Rob McKenna/AG, Case No. C12–283MJP, 2012 WL 2514915, at *2 (W.D. Wash. June 28, 2012) (citing Lance v. Dennis, 546 U.S. 459 (2006)).

Defendants do not dispute that plaintiffs are not parties to the state court action but they argue that does not mean that the Rooker-Feldman doctrine does not apply here. Plaintiffs cannot be parties to the state court action because IRAs are not legal entities but

---

[19]Plaintiffs have moved to intervene in the state court case, but only for the purposes of contesting the state court's jurisdiction. Objection to Motion to Dismiss at 5, Docket No. 13.

rather are property. See In re Vogel, 78 B.R. 192, 194 (Bankr. E.D. Ill. 1987) ("Neither the IRA nor the Keough plan is a separate entity. The property in both accounts remains the Debtor's property."). Because plaintiffs are property owned by Maniatis and Maniatis is a judgment debtor, plaintiffs were always part of the state court action and subject to that court's rulings. The fact that plaintiffs were not "parties" to the state court action does not mean that Rooker-Feldman doctrine cannot apply here.

Plaintiffs' claim for declaratory relief is nothing more than an attempt to have a federal court decide an issue that has already been decided by the Arizona state court. Plaintiffs' claim for declaratory relief is dismissed because it is barred by the Rooker-Feldman doctrine.[20]

But even if the court has subject matter jurisdiction over plaintiffs' claim for declaratory relief, which it does not, defendants argue that, pursuant to Rule 12(b)(6), plaintiffs' complaint should still be dismissed. First, defendants argue that plaintiffs' complaint should be dismissed because plaintiffs lack the capacity to sue. "Capacity to sue or be sued can be properly challenged by a motion under Rule 12(b)(6)." Heim v. Estate of Heim, Case No. 5:10–cv–03816 EJD, 2012 WL 993681, at *2 (N.D. Cal. March 23, 2012) (citing De Saracho v. Custom Food Mach., Inc., 206 F.3d 874, 878 (9th Cir. 2000)). Plaintiffs

---

[20] The Rooker-Feldman doctrine would also bar plaintiffs' claim for injunctive relief were that claim not barred by the Anti-Injunction Act.

concede that they lack the capacity to sue[21] but point out that this defect could be cured by the filing of an amended complaint.

Defendants also argue that plaintiffs' complaint should be dismissed for failure to state a claim. "To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must 'allege sufficient factual matter ... to state a claim to relief that is plausible on its face.'" OSU Student Alliance v. Ray, 699 F.3d 1053, 1061 (9th Cir. 2012) (quoting Pinnacle Armor, Inc. v. United States, 648 F.3d 708, 721 (9th Cir. 2011)). Defendants argue that plaintiffs have failed to allege sufficient factual support to make their claims plausible. But, plaintiffs' allegations in their complaint are sufficient to state plausible claims.

Defendants next argue that, pursuant to Rule 12(b)(2) and (5), plaintiffs' complaint should be dismissed because plaintiffs did not properly serve defendants. "'A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed.R.Civ.P. 4.'" Travelers Cas. and Sur. Co. of Amer. v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) (quoting Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986)). "So long as a party receives sufficient notice of the complaint, Rule 4 is to be 'liberally construed' to uphold service." Id. (quoting Chan v. Soc'y Expeditions, Inc., 39 F.3d 1398, 1404 (9th Cir. 1994)). Defendants contend that plaintiffs served the summons and complaint to Denise Garcia, who is an employee of IMH Financial, which owns defendants,

---

[21]Objection to Motion to Dismiss at 5, Docket No. 13.

and that Garcia is not authorized to accept service on behalf of defendants, IMH Financial, or MLF Services, LLC, defendants' statutory agent. Plaintiffs, on the other hand, contend that the process server delivered the summons and complaint to the address listed for MLF Services and that the person who accepted the documents said she was authorized to accept service. This is all much ado about nothing because as even defendants acknowledge in their reply brief, any failure to properly serve them could be remedied.

Defendants, however, argue that plaintiffs should not be given the opportunity to remedy any of the problems associated with their complaint because the court should decline to exercise its jurisdiction under the Declaratory Judgment Act. "Under the Declaratory Judgment Act, a district court may decline to exercise jurisdiction over a declaratory action even though subject matter jurisdiction is otherwise proper." Snodgrass v. Provident Life and Acc. Ins. Co., 147 F.3d 1163, 1166 (9th Cir. 1998). "In Brillhart, the Court articulated three factors that courts should consider when examining the propriety of entertaining a declaratory judgment action: avoiding 'needless determination of state law issues'; discouraging 'forum shopping'; and avoiding 'duplicative litigation.'" R.R. Street & Co. v. Transport Ins. Co., 656 F.3d 966, 975 (9th Cir. 2011) (quoting Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir. 1998)). The court may also consider

> (1) whether the declaratory action will settle all aspects of the controversy; (2) whether the action will serve a useful purpose

> in clarifying the legal relations at issue; (3) whether the action is being sought merely for the purposes of procedural fencing or to obtain a "res judicata" advantage; (4) whether the use of the action will result in entanglement between the federal and state court systems; (5) the convenience to the parties; and (6) the availability and relative convenience of other remedies.

Westfield Ins. Co. v. Double AA Builders, Ltd., Case No. CV-13-0012-PHX-GMS, 2013 WL 4051625, at *3 (D. Ariz. Aug. 12, 2013) (citing Dizol, 133 F.3d at 1225 n.5).

Defendants argue that consideration of the Brillhart and other factors indicate that the court should decline to exercise its jurisdiction over plaintiffs' claim for declaratory relief. Plaintiffs make no argument in response, perhaps because defendants' arguments on this issue are well taken.

First, this action would involve the needless determination of a state law issue. Plaintiffs have asked the court to "declare that [plaintiffs] are tax exempt entities" and "that because [they] are tax exempt entities, they are exempt from claims of the IMH Entities[.]"[22] Although the first portion of plaintiffs' request is a question of federal law, the second portion is a question of state law. There is no need for this court to decide this issue of state law because the state court has already made the determination that plaintiffs are not exempt from the claims of defendants.

Secondly, as defendants contend, plaintiffs may have been forum shopping here. Plaintiffs' complaint, filed one day after defendants and Bierman filed the IRA motion in

---

[22]Complaint at 3, Docket No. 1.

state court, appears to be a reactive declaratory action. "[F]ederal courts should generally decline to entertain reactive declaratory actions." Dizol, 133 F.3d at 1225.

Thirdly, plaintiffs' claim for declaratory relief appears to be duplicative of the IRA motion filed in the state court action. Both this claim and the IRA motion seek a determination as to whether plaintiffs are exempt from execution because they are tax exempt entities.

In addition, this proceeding will not clarify the legal relations at issue more than what has already been done by the state court. And, this proceeding will result in entanglement between the federal and state court systems because the state court has already decided the IRA motion. If the court were to grant plaintiffs' claim for declaratory relief, it is likely that plaintiffs will use that judgment to interfere with the enforcement of state court orders.

Thus, even if the court had subject matter jurisdiction over plaintiffs' claim for declaratory relief, which it does not have, it would decline to exercise that jurisdiction.

## Conclusion

Defendants' motion to dismiss[23] is granted because the court lacks subject matter jurisdiction over plaintiffs' claims for declaratory and injunctive relief. Because the court

---

[23]Docket No. 10.

would decline to exercise its jurisdiction over plaintiffs' claim for declaratory relief, leave to amend would be futile and is denied.

The clerk of court shall enter judgment dismissing plaintiffs' complaint without prejudice. <u>See</u> <u>Kelly v. Fleetwood Enters., Inc.</u>, 377 F.3d 1034, 1036 (9th Cir. 2004) (dismissals for lack of subject matter jurisdiction should be without prejudice).

DATED at Anchorage, Alaska, this <u>20th</u> day of March, 2014.

<u>/s/ H. Russel Holland</u><br>United States District Judge